UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **MEMORANDUM DECISION** |
| - against - | : | |
| | | 97 Cr. 817-13 (DC) |
| GUILLERMO NEGRON SR., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:   AUDREY STRAUSS, Esq.
Acting United States Attorney for the
Southern District of New York
   By:   Sarah L. Kushner, Esq.
      Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007

GUILLERMO NEGRON SR.
Defendant *Pro Se*
FCI Schuylkill, P.O. Box 759
Minersville, PA 17954

**CHIN, Circuit Judge:**

On November 24, 1998, defendant Guillermo Negron Sr. was convicted of conspiracy to distribute heroin and distribution of heroin. On April 19, 1999, I sentenced him to life imprisonment. Mr. Negron, proceeding *pro se*, now moves for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Dkt. No. 597 ("Motion"). He contends that his increased risk of suffering

"fatal complications" if he contracts COVID-19 in prison due to his "numerous chronic conditions" and the inability of the prison staff to deal with COVID-19 and someone in his position warrant compassionate release. Motion at 3-6. He further requests that counsel be appointed to assist him.

For the reasons set out below, the motion is DENIED.

## BACKGROUND

A. <u>Negron's Crimes, Conviction, and Sentencing</u>

In 1988, the Maisonet organization started trafficking heroin in the Bronx. Presentence Investigation Report ("PSR") ¶ 34. The organization operated "24 hours per day, 7 days per week, and trafficked at least $100,000 of heroin on a daily basis." *Id.* Mr. Negron was a supervisor in the organization and acted to maintain order, "detect the presence of law enforcement," "transact large quantities of drugs," and directly deal with heroin suppliers. PSR ¶ 36. He also recruited his son, approximately 17 at the time, to work in the organization. PSR ¶ 37. Mr. Negron also allowed his residence to be used as a "stash location," where he also kept a firearm. PSR ¶ 44.

On November 24, 1998, a jury convicted Mr. Negron of conspiracy to distribute heroin and distribution of heroin.

I sentenced Mr. Negron on April 19, 1999 and determined that the base offense level was 38. Sentencing Tr. ("Sent'g Tr.") at 25. The total offense level was 43 and the Criminal History Category was VI, resulting in a mandatory Guidelines

sentence of life imprisonment. *Id.* at 26. I sentenced Mr. Negron to life imprisonment, followed by 10 years of supervised release.

B. **Negron's Request for Compassionate Release**

On December 14, 2020, Mr. Negron filed a *pro se* motion for compassionate release, a reduction in sentence, or home confinement, all of which the government opposes. Dkt. No. 604 ("Opp."). The government accepts that Mr. Negron has exhausted all his administrative remedies and that his health conditions constitute extraordinary and compelling reasons under 18 U.S.C. § 3582 but argues that the factors set forth in 18 U.S.C. § 3553(a) weigh against release or reduction. *Id.* at 4. The government further contends that the Court does not have the authority to order home confinement pursuant to 18 U.S.C. 3624(c). *Id.*

Mr. Negron is presently 66 years old and has served approximately 24 years of his life sentence. PSR p. 1.

## DISCUSSION

A. **Applicable Law**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons (the "BOP") or the defendant. *See United States v. Gil*, No. 90 Cr. 306 (KMW), 2020 WL 2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17 Cr. 118-6 (KPR), 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020). A defendant may move for a reduction

under the statute only upon exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a sentence if it finds, "after considering the factors set forth in section 3553(a), to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if extraordinary and compelling reasons are shown. 18 U.S.C. § 3582(c)(1)(A). Courts were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited the reasons that qualified as extraordinary and compelling. *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).[1] The Second Circuit has now held, however, that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Brooker*, 976 F.3d at 237; *see also United States v. Ciprian*, No. 11 Cr. 1032 (PAE), 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]he Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons or by its freestanding requirement that the defendant seeking release not pose any danger to the

---

[1] Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were limited to: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP. U.S. Sentencing Manual § 1B1.13, n.1.

4

community."); *United States v. Pellegrino*, No. 18-CR-0496-1(JS), 2020 WL 5820325, at *4 (E.D.N.Y. Sept. 30, 2020). Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons. *Id.* Rehabilitation alone, however, "shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in section 3553(a), to the extent they are applicable. *See United States v. Israel*, No. 05 CR 1039 (CM), 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019). These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a).

On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted. *See Patterson*, 2020 WL 2571044, at *2.

Under 18 U.S.C. 3624(c)(2), the BOP can, "to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement." Courts in this district have held that only the BOP has authority to transfer an inmate to home confinement. *See, e.g., United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300,

5

at *6 (S.D.N.Y. Apr. 14, 2020) ("[T]he authority the CARES Act and the Attorney General have given to the BOP to permit prisoners to finish the remainder of their sentence in home confinement" under 18 U.S.C. 3624(c)(2), however, is "exclusively within the discretion of the BOP; the Court lacks authority to order" a prisoner to be placed on home confinement.). I assume, without deciding the issue, that I have the authority to transfer an inmate to home confinement.

**B.      Application**

As a threshold matter, Mr. Negron has exhausted his administrative remedies, as his last appeal from the Warden's decision was denied on August 18, 2020, following which he appealed to "Region" and has not heard back for more than 30 days. Motion at 2, 23-24. The government agrees. Opp. at 3.

First, I consider whether Mr. Negron is eligible for compassionate release under section 3582(c)(1)(A), that is, whether he has demonstrated extraordinary and compelling reasons warranting a sentence reduction. I conclude that he has. Second, I consider whether to grant the motion by weighing the factors set forth in section 3553(a) to the extent they are applicable. I conclude that the statutory factors weigh against granting the motion.

   **1.      Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." Rather, the Court has broad discretion to consider reasons beyond those listed

in the Sentencing Guidelines, including "the severity of [the defendant's] sentence in weighing his motion for compassionate release," *United States v. Vargas*, No. 88 Cr. 325 (VEC), 2020 WL 6886646, at *6 (S.D.N.Y. Nov. 24, 2020), the defendant's "age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence," and "the present coronavirus pandemic, which courts around the country . . . have used as a justification for granting some sentence reduction motions." *Brooker*, 976 F.3d at 238. I conclude that Mr. Negron has demonstrated extraordinary and compelling circumstances.

Mr. Negron contends that he suffers from HIV/AIDS, is an "insulin dependent diabetic," suffers from "severe asthma and hypertension," and has "'encephalomalacia,' a rare life threatening brain condition" which put him at "severe risk for complications" if he contracts COVID-19 in prison. Motion at 2-3. His medical conditions are not disputed, and the government also accepts that "his type 2 diabetes places him at an increased risk of contracting COVID-19, which constitutes an 'extraordinary and compelling' reason under 18 U.S.C. § 3582." Opp. at 4.

In response to Mr. Negron's March 2, 2020 request for compassionate release, the Warden stated that Mr. Negron had "not been diagnosed with a terminal condition with a life expectancy of 18 months or less." Opp., Ex. A at 4-5. In response to Mr. Negron's July 10, 2020 request for compassionate release, the Warden also noted that the BOP was "taking extraordinary measures to contain the spread of COVID-19

and treat any affected inmates." *Id.* at 7-8. The BOP has also concluded that Mr. Negron does not meet the compassionate release eligibility criteria for "Elderly inmates with Medical Conditions" since he is serving a life sentence and has "not been diagnosed with a terminal condition with a life expectancy of 18 months or less." Opp., Ex. A at 4-5.

Ultimately, I find that the numerosity and severity of Mr. Negron's medical conditions, combined with the ongoing COVID-19 pandemic, create circumstances that meet the "extraordinary and compelling" standard under 18 U.S.C. § 3582.

### 2. The 3553(a) Factors

In the end, however, I conclude that Mr. Negron's motion should be denied because the 3553(a) factors weigh against his release, a reduction in his sentence, or a transfer to home confinement.

First, the nature and circumstances of Mr. Negron's offenses, as well as his history and characteristics, weigh against release. At the time of sentencing, I considered the serious nature of Mr. Negron's offenses, holding that the evidence showed "clearly convincingly beyond a reasonable doubt that Mr. Negron was responsible for in excess of 30 kilos of heroin." Sent'g Tr. at 25.

He played a senior role in the managerial chain of the Maisonet organization, acting as a supervisor, second only to its leaders. PSR ¶ 36. Mr. Negron

allowed the use of his residence to "stash" drugs and the money collected through the criminal enterprise, PSR ¶ 44, and had "access to and control over" weapons kept at the "stash apartments" in furtherance of the conspiracy. Sent'g Tr. at 25. The heroin organization operated "24 hours per day, 7 days per week, and trafficked at least $100,000 of heroin on a daily basis" for almost a decade. PSR ¶ 34. Mr. Negron played a "substantial role" in the organization, Sent'g Tr. at 26, and even recruited his son in the enterprise. PSR ¶ 37.

Second, Mr. Negron's substantial criminal history weighs against release. Mr. Negron had 18 prior convictions, with a total of 23 criminal history points with a Criminal History Category of VI, resulting in a Guidelines sentence of life imprisonment. PSR ¶ 97-100. One count of conviction carried a mandatory minimum sentence of twenty years, and a life sentence was "mandated" under the Guidelines. PSR ¶¶ 130, 132 & p. 26. Mr. Negron moved for a downward departure, and while I acknowledged that life imprisonment was a "harsh sentence," especially "for someone in Mr. Negron's position" and in light of his health and medical conditions, I denied the motion. Sent'g Tr. at 13-16, 26-27. Nevertheless, I considered a life sentence an "appropriate" and "just sentence" considering the gravity of Mr. Negron's crimes. *Id.*

Mr. Negron is now 66 years old and he has served some 24 years of his sentence. While it is still a difficult decision, upon weighing all the factors, I am still of the view that a term of imprisonment of life is appropriate and just.

## **CONCLUSION**

For the reasons set forth above, Mr. Negron has failed to show that compassionate release, a reduction in his sentence, or a transfer to home confinement are warranted. Accordingly, Mr. Negron's motion for compassionate release is hereby DENIED. The Court also denies Mr. Negron's motion for the appointment of counsel.

SO ORDERED.

Dated:      New York, New York
               July 13, 2021

                                                                          /s/DC
                                                          DENNY CHIN
                                                          United States Circuit Judge
                                                          Sitting by Designation