UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- against - :

GUILLERMO NEGRON SR., :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**

97 Cr. 817-13 (DC)

**APPEARANCES:**

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: Sarah L. Kushner
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007

GUILLERMO NEGRON SR.
Defendant *Pro Se*
MCFP Springfield, P.O. Box 4000
Springfield, MO 65801

**CHIN, Circuit Judge:**

On November 24, 1998, defendant Guillermo Negron Sr. was convicted of conspiracy to distribute heroin and distribution of heroin. Dkt. 279. On April 19, 1999, I sentenced him to life imprisonment. Dkt. 279. I denied Negron's three previous motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). *See* Dkts. 616, 633, 637. Negron, proceeding *pro se*, filed a fourth motion on July 7, 2026,

citing his age and "life threatening health issues," and requesting release to a medical center in Puerto Rico, where his family resides. *See* Dkt. 656 ("Def's Mot.") at 4-5.

For the reasons set out below, the motion is GRANTED, and Negron's term of life imprisonment is reduced to time served plus no more than fourteen days.

## BACKGROUND

### A. Negron's Crimes, Conviction, and Sentencing

The underlying facts and procedural history of Negron's case are set forth extensively in prior orders, and I summarize them here only as relevant to the instant petition. *See, e.g.*, Dkts. 616. Negron was a member of the Maisonet Organization, which trafficked and distributed hundreds of kilograms of heroin beginning in the late 1980s. Presentence Investigation Report ("PSR") ¶ 34. The organization operated "24 hours per day, 7 days per week, and trafficked at least $100,000 worth of heroin on a daily basis." *Id.* Negron was a senior supervisor in the organization, used his residence as a "stash location," and also recruited his then-17 year old son to work in the organization. PSR ¶¶ 36-37, 44.

In November 1998, a jury convicted Negron of conspiracy to distribute heroin and distribution of heroin. Dkt. 279. In April 1999, I sentenced Negron to a mandatory term of life imprisonment, followed by 10 years of supervised release. *Id.*

**B. <u>Negron's Request for Compassionate Release</u>**

As mentioned, Negron has filed three previous *pro se* motions for compassionate release -- in 2020, 2022, and 2023. *See* Dkts. 597, 632, 635. In his instant motion, Negron states that he is designated at the highest level of medical care within the Bureau of Prisons ("BOP") system due to significant health issues, including multiple strokes, heart attacks, and falls; arthritis; diabetes; difficulty walking; and difficulty with his memory. *See* Def's Mot. at 4-5. He also requests that he be appointed counsel. *Id.* at 6. The government filed its opposition on August 14, 2026. Dkt. 661 ("Gov't Opp.").

Negron is now 71 years old and has been incarcerated for nearly 30 years. *See* Def's Mot. at 5.

## <u>DISCUSSION</u>

**A. <u>Applicable Law</u>**

Section 3582(c)(1)(A) provides that a court may reduce a defendant's sentence if, after the defendant has fully exhausted his administrative remedies, the court finds that "extraordinary and compelling reasons warrant such a reduction" after considering the § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of showing that a reduction is warranted. *See United States v. Clark,* No. 97 CR. 817 (DC), 2021 WL 1066628 at *3 (S.D.N.Y. Mar. 18, 2021).

The U.S. Sentencing Guidelines Manual § 1B1.13 enumerates specific reasons that qualify as extraordinary and compelling. U.S.S.G. § 1B1.13. These include, as relevant here, "serious physical or medical condition[s]" or "deteriorating physical or mental health because of the aging process" that substantially limits self-care in prison. *See id.* § 1B1.13(b)(1)(B). Courts, however, are not constrained by the reasons articulated in § 1B1.13, and may "consider the full slate of [such] reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

If a defendant has met his burden of proving extraordinary and compelling circumstances, the court must then weigh the § 3553(a) factors – including, as relevant here, the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a); *see generally United States v. Halvon*, 26 F.4th 566 (2d Cir. 2022) (per curiam).

**B. <u>Application</u>**

As a threshold matter, Negron has exhausted his administrative remedies, as more than 30 days have elapsed since the Warden denied his request for a sentence reduction on May 11, 2026. *See* Gov't Opp. 4 n.2 & Ex. B.

I first consider whether Negron is eligible for compassionate release under § 3582(c)(1)(A) -- that is, whether he has demonstrated extraordinary and compelling reasons warranting a sentence reduction. I conclude that he has. I then consider whether to grant the motion by weighing the factors set forth in § 3553(a), to the extent they are applicable. I conclude that the statutory factors weigh in favor of granting the motion.

**1. Extraordinary and Compelling Reasons**

I have, in each of my three decisions addressing Negron's prior motions for compassionate release, concluded that his health conditions constitute extraordinary and compelling circumstances qualifying him for release. *See* Dkt. No. 616 at 6-8; Dkt. 633 at 3; Dkt. 637 at 2. This has not changed; indeed, Negron's physical and mental health has deteriorated since his prior motion. The government does not dispute Negron's medical conditions, *see* Gov't Opp. at 4-5, which include three heart attacks, two strokes, six falls, diabetes, arthritis, and memory issues. *See* Def's Mot. at 5. He can barely walk with a walker and uses a wheelchair, cannot get dressed without assistance, and "spend[s] most of [his] time in the hospital ward . . . laying in bed." *Id.* In his motion, Negron writes with gratitude for the care he has received at the Medical Center for Federal Prisoners over the last three years, and specifically for the medical staff who "would no[t] let [him] die." *Id.* at 4. Taken together, I conclude that Negron has demonstrated extraordinary and compelling circumstances.

**2. The § 3553(a) Factors**

I conclude, based on the circumstances discussed above and consideration of the § 3553(a) factors, that Negron's motion should be granted.

At the outset, I have previously noted that the nature and circumstances of Negron's offenses and his substantial criminal history cut against release. *See* Dkt. 616 at 8-9. These circumstances have not changed, but I find that they are now outweighed by other relevant factors that warrant consideration.

For one, Negron's life sentence was a product of then-mandatory Sentencing Guidelines. *See* PSR ¶¶ 130, 132 & p.26. In imposing it, I acknowledged that I had "some reservations" because it was "particularly a harsh sentence for someone in Mr. Negron's position" in light of his health and medical conditions. Sentencing Transcript at 26. In terms of the the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), these purposes have been served. Negron has been incarcerated for almost 30 years and nearly half of his life -- which is sufficient to punish Negron for his offenses and to serve as adequate deterrence for similar conduct. *See id.* § 3553(a)(2)(B). Finally, Negron poses no danger to the public. *See id.* § 3553(a)(2)(C). At age 71, he struggles with his mobility and memory and merely requests to be transferred to a long-term medical center in Puerto Rico so that he may be closer to his family. *See* Def's Mot. at 5.

Considering the relevant § 3553(a) factors, I therefore conclude that a reduction is warranted and that further incarceration would be greater punishment than is necessary.

## CONCLUSION

For the foregoing reasons, Negron's motion for a sentence reduction is GRANTED and his term of life imprisonment is reduced to time served plus no more than fourteen days. Negron shall be released as soon as a release plan and travel arrangements are in place. The Court denies Negron's request for the appointment of counsel as moot. Negron's term of supervised release will commence immediately upon release and he may, upon the expiration of one year, move to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

SO ORDERED.

Dated: New York, New York
August 24, 2026

/s/DC
DENNY CHIN
United States Circuit Judge
Sitting by Designation